Carlos J. Cuevas, Esq.                                  Hearing Date: 1/28/20 @ 9:30 AM
Attorney for Defendant
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re                                                   Chapter 7

SEAN M. DUNN,                                           Case No. 18-36566(CGM)

        Debtor.

---------------------------------------------------------------X

LAK3, LLC,

        Plaintiff,

-against-                                               Adv. Pro. No. 18-09038(CGM)

SEAN M. DUNN,

       Defendant.

---------------------------------------------------------------X

**MOTION TO STRIKE ITEMS 10 AND 11 FROM APPELLANT'S
DESIGNATION OF THE RECORD ON APPEAL AND STATEMENT
OF THE ISSUE PRESENTED ON APPEAL**

    Sean M. Dunn by his attorney, Carlos J. Cuevas, Esq., for his Motion to Strike Items 10

and 11 from Appellant's Designation of the Record on Appeal and Statement of the Issue

Presented on Appeal respectfully represents:

1

## INTRODUCTION

1. On September 17, 2018, the Debtor filed for Chapter 7.

2. Fred Stevens, Esq. Is the Chapter 7 trustee in this Chapter 7 case.

3. On November 21, 2018, the above-captioned adversary proceeding was filed.

4. On December 10, 2019, this Court dismissed the above-captioned for failure to prosecute.(Dkt. No. 21).

5. Mr. Dunn is prosecuting this Motion to Strike because the Appellant has improperly designated items in its Record on Appeal and Statement of the Issue Presented on Appeal (the "Record on Appeal")that were not before this Court when it dismissed this adversary proceeding.

## BACKGROUND FACTS

6. On December 25, 2019, the Plaintiff-Appellant filed a Notice of Appeal. (Dkt. No. 24).

7. On January 3, 2020, the Plaintiff-Appellant filed its Designation of the Record on Appeal. (Dkt. No. 25)(Exhibit A).

8. As part of its Designation of the Record on Appeal, Item 11, the Plaintiff-Appellant designated the Letter to the Honorable Cecelia G. Morris dated December 13, 2020. (Dkt. No. 22)(Exhibit A).

9. As part of its Designation of the Record on Appeal, Item 12, the Plaintiff-Appellant designated the Motion to Vacate Order Dismissing Case For Failure to Prosecute. (Dkt. No. 23)(Exhibit A).

## **LEGAL ARGUMENT**

10. Mr. Dunn, the Respondent in the appeal, objects to the inclusion of Items 11 and 12 because these documents are immaterial to this Court's decision to dismiss this adversary proceeding for the lack of prosecution.

11. Items 11 and 12 were created subsequent to the entry of the Dismissal Order of this adversary proceeding.

12. Consequently, Items 11 and 12 were not part of the record before this Court when this Court determined that this adversary proceeding should be dismissed for the lack of prosecution.

13. Federal Rule of Bankruptcy Procedure 8009(e)(1) grants this Court authority to strike portions of the designated record. Fed. R. Bankr. P. 8009(e)(1).

14. Federal Rule of Bankruptcy Procedure 8009(e)(1) states:

> (e) Correcting or Modifying the Record.
>
> (1) Submitting to the Bankruptcy Court. If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Fed. R. Bankr. P. 8009(e)(1).

15. For a resolution of a dispute concerning the contents of the record on appeal, the parties are directed to the bankruptcy court to settle and correct the record. *Balke v. Carmichael*, 2018 WL 3328018 *1 (S.DTex. 2018); 10 *Collier on Bankruptcy* ¶ 8009.10 (16th ed.

2020).

16. The Bankruptcy Court has jurisdiction to determine whether an item should be struck from the Record on Appeal. *In re Digerati Technologies, Inc.*, 531 B.R. 654, 660 (Bankr. S.D.Tex. 2015)

17. The following statements have been made concerning the inclusion and exclusion of items on the record on appeal:

> The record should contain all documents necessary to afford a full understanding of the case. *In re W.T. Grant Co.,* 432 F.Supp. 105 (S.D.N.Y.1977); *In re Michael's Corvette Supplies, Inc.*, 14 B.R. 365, 367 (Bankr.N.D.Ohio 1981). In particular, the appellate record should contain "all documents and evidence bearing on the proceedings below and considered by the Bankruptcy Judge in reaching his decision." *W.T. Grant*, *supra*, 432 F.Supp. at 106. Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record. *In re Candor Diamond Corp.*, 26 B.R. 844, 846–47 (Bankr.S.D.N.Y.1983).

*In re Neshaminy Office Bldg. Associates*, 62 B.R. 798, 802 (1986).

18. A pertinent case in which a court struck a portion of the record is *Zer–Ilan v. Frankford (In the Matter of: CPDC, INC.)*, 337 F.3d 436 (5th Cir. 2003). The court stated:

> Rule 8006 provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance. The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court*. In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D.Pa.1986); *see also Sipes v. Atlantic Gulf Communities Corp. (In re General Dev. Corp.)*, 84 F.3d 1364, 1369 (11th Cir.1996) (supplementation of record on appeal allowed only by documents considered by the bankruptcy court). The district court erred in allowing CPDC to supplement the record with documents and testimony that were not offered and admitted before the bankruptcy court entered summary judgment. *See Kabayan v. Yepremian (In re Yepremian)*, 116 F.3d 1295, 1297 (9th Cir.1997) (refusing to consider deposition testimony and declarations taken after the entry of

      summary judgment). Thus, we will not consider such untimely-submitted evidence in evaluating CPDC's arguments.

    *Id.* at 443.

19.   Similarly, in *In re Digerati Technologies, Inc.*, 531 B.R. 654 (Bankr. S.D.Tex. 2015) the court granted a motion to strike because the appellant had designated items that were not before the Bankruptcy Court when it had rendered its ruling.

20.   In the case at bar, the Plaintiff is seeking to include documents that were created subsequent to the entry of the Dismissal Order. Items 11 and 12 were never considered by this Court when it entered the Dismissal Order. Therefore, Items 11 and 12 should be struck from the Plaintiff's Record on Appeal. *Zer–Ilan v. Frankford (In the Matter of: CPDC, INC.)*, 337 F.3d 436, 443 (5th Cir. 2003); *In re Digerati Technologies, Inc.*, 531 B.R. 654 (Bankr. S.D.Tex. 2015).

## CONCLUSION

21.   For all the reasons set forth herein, the Motion to Strike should be granted.

22.   No prior request for the relief sought herein has been made.

    WHEREFORE, the Movant respectfully requests that this Court grant an Order striking Items 10 and 11 from Appellant's Designation of the Record on Appeal and Statement of the Issue Presented on Appeal ; and such other and further relief as this Court deems just and equitable.

Dated: Yonkers, New York
      January 7, 2020

                              CARLOS J. CUEVAS, ESQ.
                              Attorney for Defendant-Respondent
                              SEAN M. DUNN

                              By: /s/ Carlos J. Cuevas
                                  Carlos J. Cuevas
                                  1250 Central Park Avenue
                                  Yonkers, New York 10704
                                  Tel. No. 914.964.7060

# EXHIBIT A

**ROSEN & ASSOCIATES, P.C.**
*Counsel to LAK3, LLC*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEAN M. DUNN,<br><br>      Debtor. | Chapter 7<br><br>Case No. 18-36566 (CGM) |
| LAK3, LLC,<br><br>      Plaintiff,<br>v.<br><br>SEAN M. DUNN,<br><br>      Defendant. | Adv. Proc. No. 18-09038 (CGM) |

**APPELLANT'S DESIGNATION OF RECORD AND**
**STATEMENT OF THE ISSUE PRESENTED ON APPEAL**

    Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, LAK3, LLC, the plaintiff in the above-captioned adversary proceeding and appellant herein (the "**Appellant**"), through its counsel, Rosen & Associates, P.C., submits this *Designation of Record and Statement of the Issue Presented on Appeal* from the *Order Dismissing Case For Failure to Prosecute* [Adv. Proc. Doc. No. 21], and respectfully submits as follows:

**STATEMENT OF THE ISSUE PRESENTED ON APPEAL**

    1.  Did the Bankruptcy Court abuse its discretion in dismissing the adversary proceeding based upon the failure to prosecute?

## DESIGNATION OF RECORD

| Item No. | Doc. No. | Document |
|---|---|---|
| *LAK3, LLC v. Sean M. Dunn* (Adversary Proceeding) Adv. Proc. No. 18–08038 (CGM) | | |
| 1 | 4 | *Amended Complaint Seeking Determination of Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2),(4) and (6) and Denial of Debtor's Discharge Pursuant to 11 U.S.C. § 727(a)(3)* |
| 2 | 6 | *Answer to Amended Complaint* |
| *In re Sean M. Dunn* (Main Case) Case No. 18–36566 (CGM) | | |
| 3 | 34 | *Motion for Relief from Stay to Conclude State Court Litigation* |
| 4 | 45 | *Order Granting Motion for Relief from Stay* |
| *LAK3, LLC v. Sean M. Dunn* (Adversary Proceeding) Adv. Proc. No. 18–08038 (CGM) | | |
| 5 | 8 | *Notice of Adjournment of Pretrial Conference* |
| 6 | 11 | *Notice of Adjournment of Pretrial Conference* |
| 7 | 15 | *Notice of Adjournment of Pretrial Conference* |
| 8 | 18 | *Notice of Adjournment of Pretrial Conference* |
| 9 | 21 | *Order Dismissing Adversary Proceeding for Failure to Prosecute* |
| 10 | 22 | *Letter to the Honorable Cecelia G. Morris* |
| 11 | 23 | *Motion to Vacate Order Dismissing Case For Failure to Prosecute* |

Dated:  New York, New York
January 3, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to LAK3, LLC*

By: /s/ Sanford P. Rosen
Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

2

Carlos J. Cuevas, Esq.　　　　　　　　　　　　　Hearing Date: 1/28/20 @ 9:30 AM
Attorney for Defendant
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re　　　　　　　　　　　　　　　　　　　　　　Chapter 7

SEAN M. DUNN,　　　　　　　　　　　　　　　　Case No. 18-36566(CGM)

　　　　　Debtor.

-------------------------------------------------------------X

LAK3, LLC,

　　　　　Plaintiff,

-against-　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 18-09038(CGM)

SEAN M. DUNN,

　　　　　Defendant.

-------------------------------------------------------------X

### NOTICE OF MOTION

**MADAMS/SIRS**:

　　　**PLEASE TAKE NOTICE**, that upon the Motion to Strike Items 10 and 11 from Appellant's Designation of the Record on Appeal and Statement of the Issue Presented on Appeal of Sean M. Dunn dated January 7, 2020 and upon all the proceedings had herein the undersigned will move before the Honorable Cecelia G. Morris, Chief United States Bankruptcy

1

Judge for the Southern District of New York, at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601 on January 28, 2020 at 9:30 AM or as soon thereafter as counsel can be heard for an Order pursuant to Bankruptcy Code Section 105(a) and Federal Rule of Bankruptcy Procedure 8009(e)(1) striking Items 10 and 11 from Appellant's Designation of the Record on Appeal and Statement of the Issue Presented on Appeal; and for such other and further relief as this Court deems just and equitable.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, must be served at least one week before the return date of this Motion.

Dated: Yonkers, New York
       January 7, 2020

                                 CARLOS J. CUEVAS, ESQ.
                                 Attorney for Defendant-Respondent
                                 SEAN M. DUNN

                                 By: /s/ Carlos J. Cuevas
                                      Carlos J. Cuevas
                                      1250 Central Park Avenue
                                      Yonkers, New York 10704
                                      Tel. No. 914.964.7060

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re                                                                          Chapter 7

SEAN M. DUNN,                                                      Case No. 18-36566(CGM)

                Debtor.

---------------------------------------------------------------X

LAK3, LLC,

                Plaintiff,

-against-                                                                       Adv. Pro. No. 18-09038(CGM)

SEAN M. DUNN,

                Defendant.

---------------------------------------------------------------X

**ORDER STRIKING ITEMS 10 AND 11 FROM APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL**

    Upon the Notice of Motion of Sean M. Dunn dated January 7, 2020; the Motion to Strike Items 10 and 11 from Appellant's Designation of the Record on Appeal and Statement of the Issue Presented on Appeal of Sean M. Dunn dated January 7, 2020 (the "Motion"); the hearing conducted on January 28, 2020; after hearing Carlos J. Cuevas, Esq. in support of the Motion; there being good and sufficient service of the Motion; after due deliberation; there being sufficient cause; and upon all the proceedings had herein, it is

    ORDERED, that the Motion is granted; and it is further

1

ORDERED, that Items 11 and 12 are hereby struck from the Appellant's Record on Appeal and Statement of the Issue Presented on Appeal.

Carlos J. Cuevas, Esq.　　　　　　　　　　　　　　Hearing Date: 1/28/20 @ 9:30 AM
Attorney for Defendant
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re　　　　　　　　　　　　　　　　　　　　　　Chapter 7

SEAN M. DUNN,　　　　　　　　　　　　　　　　Case No. 18-36566(CGM)

　　　　　　　　　Debtor.

---------------------------------------------------------------X

LAK3, LLC,

　　　　　　　　　Plaintiff,

-against-　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 18-09038(CGM)

SEAN M. DUNN,

　　　　　　　　　Defendant.

---------------------------------------------------------------X

### **CERTIFICATE OF SERVICE**

　　　　I, Carlos J. Cuevas, do hereby certify that on January 7, 2020, I served by first class mail the Notice of Motion, Motion to Strike Items 10 and 11 from Appellant's Designation of the Record on Appeal and Statement of the Issue Presented on Appeal, and proposed Order on the following:

Sanford P. Rosen, Esq.
Rosen & Associates, P.C.
747 Third Avenue
New York, New York 10017

1

Fred Stevens, Esq.
Klestadt Winters Jureller
Southyard & Stevens LLP
200 West 41st Street
17th Floor
New York, New York 10036

Office of the United States Trustee
11A Clinton Avenue
Room620
Albany, NY 12207

Dated: Yonkers, New York
        January 8, 2020

                                                            */s/ Carlos J. Cuevas*
                                                              Carlos J. Cuevas